UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles T. Barbarotta,                                          Case No. 3:17-cr-397

          Petitioner–Defendant,

v.                                                              MEMORANDUM OPINION
                                                                      AND ORDER

United States of America,

          Respondent–Plaintiff.

## I.     INTRODUCTION

Petitioner Charles T. Barbarotta filed a motion for relief under 28 U.S.C. § 2255, asserting his sentence should be vacated because his Sixth Amendment right to counsel was violated by his appointed attorney's performance. (Doc. Nos. 20 and 20-1). He also requests an evidentiary hearing and that a new attorney be appointed to represent him. The government opposes Barbarotta's motion. (Doc. No. 22). Barbarotta filed a reply brief in support of his motion. (Doc. No. 23). He also filed a motion for discovery, (Doc. No. 24), and a motion to compel his appointed attorney to turn over his case file. (Doc. No. 25). For the reasons stated below, I deny Barbarotta's motions.

## II.     BACKGROUND

In March 2017, the government notified Barbarotta that he was being investigated after two minors contacted law enforcement officers and reported Barbarotta had offered them money to have sex with him while he recorded it. Barbarotta contacted this Court and requested court-

appointed counsel. Then-Magistrate Judge James R. Knepp, II appointed Bradley Hubbell to represent Barbarotta on April 12, 2017.

The government and Hubbell attempted to negotiate a resolution of the looming charges. The government proposed that Barbarotta plead guilty to two counts of sex trafficking in violation of 18 U.S.C. § 1591(a)(1), which each carried a ten-year mandatory minimum sentence. (Doc. No. 22-3 at 1). In exchange, the government would not pursue additional charges with the grand jury, including attempted production of child pornography in violation of 18 U.S.C. § 2251 and a penalty enhancement under 18 U.S.C. § 2260A triggered by Barbarotta's status as a registered sex offender. (*Id.*). These additional charges carried a potential of forty-five years to life in prison.

These efforts were unfruitful, as Hubbell reported in late August 2017 that Barbarotta had rejected the proposed resolution. (Doc. No. 22-4 at 1-2). Barbarotta was indicted on October 11, 2017, (Doc. No. 2), though he was not arrested until October 31, 2017. The indictment charged Barbarotta with two counts of knowingly enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, in violation of 18 U.S.C. § 2251(a), two counts of sex trafficking of minors in violation of § 1591, and using fraud to convince the two minor victims into engaging in sexual conduct with him, in violation of 18 U.S.C. § 1343. (Doc. No. 2 at 1-3).

Barbarotta and the government agreed to a Rule 11(c)(1)(C) plea agreement, under which the government would dismiss the § 2251(a) and § 1343 charges, while Barbarotta would plead guilty to the two § 1591 counts and agree to serve 240 months in prison. (Doc. No. 17). I accepted the plea agreement and sentenced Barbarotta to 240 months in prison and 25 years on supervised release on both counts, to be served concurrently. (Doc. No. 18).

Barbarotta did not seek to appeal but filed a timely motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. No. 20).

2

### III. ANALYSIS

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Defendants challenging their sentence under § 2255 must identify a constitutional error, "a fundamental defect which inherently results in a complete miscarriage of justice, . . . an omission inconsistent with the rudimentary demands of fair procedure[, or] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations and internal quotation marks omitted).

Barbarotta alleges his Sixth Amendment right to counsel was violated because "Hubbell (1) failed to do any meaningful investigation, (2) failed to go over the discovery material with him, and (3) was clearly deficient in advising him to turn down an earlier plea in order to 'call [the Government's] bluff.'" (Doc. No. 20 at 5 (alteration in original)).

An ineffective assistance of counsel claim requires proof the petitioner's attorney provided deficient representation and that the attorney's deficient performance caused the petitioner to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. A petitioner also must show any error defense counsel allegedly committed was material. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

A defendant's Sixth Amendment right to counsel attaches "'at or after the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *United States v. Gouveia*, 467 U.S. 180, 188 (1984) (quoting

3

*Kirby v. Illinois*, 406 U.S. 682, 689 (1972)). *See also Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 213 (2008) ("[A] criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel.").

These principles – known as the attachment rule – are "crystal clear," and mean "that the Sixth Amendment right to counsel does not extend to preindictment plea negotiations." *Turner v. United States*, 885 F.3d 949, 953 (6th Cir. 2018). While Barbarotta implies Hubbell did not tell him about the government's plea offer until after he had been indicted and arrested, (Doc. No. 20 at 4-5), he offers no evidence to support this implication and the record undercuts it. Shortly after Barbarotta's arrest and arraignment, Barbarotta's girlfriend contacted the Assistant United States Attorney handling Barbarotta's case to relay Barbarotta's interest in the government's pre-indictment plea offer. (Doc. No. 22-5).

The parties disagree about the specific details of that offer. Barbarotta characterizes it as an offer for him to serve 10 years, (Doc. No. 23 at 4), while the government asserts the offer involved two counts which each carried a mandatory minimum 10-year sentence. (Doc. No. 22 at 9). This dispute is immaterial, however, because Barbarotta has no Sixth Amendment right to counsel prior to the point "adversar[ial] judicial proceedings have been initiated against him." *Gouveia*, 467 U.S. at 187. "There can be no constitutionally ineffective assistance of counsel where there is no Sixth Amendment right to counsel in the first place." *Turner*, 885 F.3d at 955. Thus, Barbarotta's claim that Hubbell provided ineffective assistance during the pre-indictment plea negotiations lacks merit.

This conclusion resolves Barbarotta's other allegations as well. Even if I assume his unsubstantiated claims that his attorney failed to investigate the charges against him and failed to review discovery with him were true, Barbarotta cannot show he was prejudiced by these alleged failures. The pre-indictment plea offer already was off the table and Barbarotta expressly disclaims

4

any assertion that he would have attempted to procced to trial. (Doc. No. 20 at 5 ("It should be noted that the Defendant is not contesting guilt or innocence[,] only that he should have been able to take the 10 year plea.")). Thus, any alleged errors by counsel do not "warrant setting aside the judgment of a criminal proceeding [because] the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

I also deny Barbarotta's request that counsel be appointed. The constitutional guarantee of counsel applies only to criminal proceedings; it does not extend to civil cases. In civil cases, the appointment of counsel is "a privilege justified only be exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted); *see also Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (denying petitioner's motion for appointment of counsel where petitioner's filings in support of § 2255 motion showed petitioner was able to present his case, the claims presented were not overly complex, and the claims lacked merit). Barbarotta fails to show appointment of counsel is necessary or appropriate in this case.

Finally, I deny Barbarotta's request for an evidentiary hearing and his motions for discovery and for an order compelling Hubbell to provide his case file. The record in this case demonstrates conclusively that Barbarotta is not entitled to relief. *See, e.g., Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("In . . . § 2255 proceedings, evidentiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled to no relief.") (citing *Fontaine v. United States*, 411 U.S. 213, 215 (1973)); *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) (A district court "is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.") (citing *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).

5

## IV. CONCLUSION

For these reasons, I deny Barbarotta's § 2255 motion, his request for an evidentiary hearing, and his request for the appointment of counsel. (Doc. No. 20). Further, I deny his motion for discovery and production of documents, (Doc. No. 24), and his motion to compel his appointed attorney to surrender the case file. (Doc. No. 25).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge