UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles T. Barbarotta,                                     Case No.  3:17-cr-397

        Petitioner-Defendant,

    v.                                                       ORDER

United States of America,

        Respondent-Plaintiff.

Petitioner-Defendant Charles T. Barbarotta seeks an order granting his request for a subpoena to be issued to the government for a copy of the search warrant executed at his residence in December 2016.  (Doc. No. 32).  Barbarotta claims officers did not leave a signed copy of the search warrant at his residence and speculates his attorney did not investigate whether a search warrant was properly issued.  (*Id.* at 1).

I previously denied Barbarotta's motion to vacate his conviction and sentence, (Doc. No. 26) and his motion for a certificate of appealability.  (Doc. No. 30).  Barbarotta appealed and the Sixth Circuit Court of Appeals also denied his request for a certificate of appealability after concluding Barbarotta failed to make a substantial showing of the denial of a constitutional right.  (Doc. No. 31).

While Barbarotta does not explicitly state what he intends to do with any information he might obtain in response to a hypothetical subpoena, it appears likely he plans to argue – again – that his attorney provided ineffective assistance prior to his guilty plea.  The problem for Barbarotta

is that he has waited too long.  Section 2255 contains a one-year limitations period.  28 U.S.C. §
2255(f).  That one-year period begins to "run from the latest of . . . the date on which the judgment
of conviction becomes final . . . or the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of due diligence."  28 U.S.C. §
2255(f)(1), (4).

The record shows Barbarotta knew of this deadline, as he filed his first motion to vacate his
sentence on November 20, 2019, exactly one year after I imposed his sentence on November 20,
2018.  Moreover, Barbarotta offers no reason to think he was not aware of the purported lack of a
copy of a signed search warrant immediately following the December 2016 search, much less that he
remained unaware of this purported fact for over five years.  Because any additional § 2255 motion
is barred by the statute of limitations,[1] I conclude there is no basis upon which to issue the subpoena
Barbarotta requests.  His motion is denied.  (Doc. No. 32).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1]  There is no indication Barbarotta has sought permission from the Sixth Circuit to file a second or
successive motion to vacate his sentence.  *See, e.g., In re Embry*, 831 F.3d 377, 378 (6th Cir. 2016).