UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles T. Barbarotta,  Case No. 3:17-cr-397

           Petitioner-Defendant,

v.  ORDER

United States of America,

           Respondent-Plaintiff.

Petitioner-Defendant Charles T. Barbarotta has filed a motion for reconsideration of my order denying his request for a subpoena to be issued to the government for a copy of the search warrant executed at his residence in December 2016. (Doc. No. 34). As I previously noted, Barbarotta claims officers did not leave a signed copy of the search warrant at his residence and speculates his attorney did not investigate whether a search warrant was properly issued. (*See* Doc. No. 33 at 1).

I previously denied Barbarotta's motion to vacate his conviction and sentence, (Doc. No. 26) and his motion for a certificate of appealability. (Doc. No. 30). Barbarotta appealed and the Sixth Circuit Court of Appeals also denied his request for a certificate of appealability after concluding Barbarotta failed to make a substantial showing of the denial of a constitutional right. (Doc. No. 31).

Motions to reconsider a final judgment often are evaluated under Rule 59(e), which states that a party must file a motion to alter or amend a judgment within 28 days of the entry of the

judgment. Fed. R. Civ. P. 59(e). The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006).

The basis for Barbarotta's motion is his continued speculation that no search warrant was issued prior to the December 2016 search of his residence. (*See* Doc. No. 34 at 2). He contends that, if there was no search warrant, "a grave injustice will have been exposed which Petitioner can properly bring to the court's attention for correction." (*Id.* at 4). Barbarotta's arguments remain unpersuasive.

First, Barbarotta continues to "offer no reason to think he was not aware of the purported lack of a copy of a signed search warrant immediately following the December 2016 search, much less that he remained unaware of this purported fact for over five years." (Doc. No. 33 at 2). In short, there is no newly discovered evidence here.

Next, Barbarotta expressly agreed that the government could establish, beyond a reasonable doubt, that officers "executed a search warrant on the mobile home where the defendant resided with his mother in Norwalk, Ohio." (Doc. No. 17 at 8). This agreement fundamentally undermines his belated claim that he does not remember, or does not have a copy of, the search warrant executed at this residence. And Barbarotta's admission renders him "unable to make a substantial showing that counsel's performance [in failing to challenge the search warrant] was objectively unreasonable." *Cruz v. United States*, No. 19-3292, 2019 WL 11725425, at *1 (6th Cir. Sept. 12, 2019).

Moreover, Barbarotta waived any challenge to the search warrant when he pled guilty. Barbarotta "expressly and voluntarily waive[d his rights]" to "appeal the conviction or sentence in this case . . . and to challenge the conviction or sentence collaterally through a post-conviction

2

proceeding, including a proceeding under 28 U.S.C. § 2255." (*Id.* at 7). When a defendant enters an unconditional guilty plea, like Barbarotta did, "the guilty plea waives any subsequent challenge to the prosecution that does not pertain to the fundamental question of the court's jurisdiction." *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (citation omitted).

While his plea agreement did not contain a waiver for collateral attacks based upon claims of ineffective assistance of counsel, Barbarotta already has asserted such a claim. (*See* Doc. No. 20-1). I rejected that claim, and the Sixth Circuit Court of Appeals affirmed. (*See* Doc. No. 31). In denying Barbarotta's application for a certificate of appealability, the Sixth Circuit concluded Barbarotta's claims regarding his attorney's post-indictment representation did not deserve encouragement to proceed further because Barbarotta did not dispute he is guilty of the crimes for which he was convicted and had not made "a substantial showing that a rational defendant in his position would have decided to go to trial." (*Id.* at 3).

For these reasons, I deny Barbarotta's motion for reconsideration. (Doc. No. 34).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3