IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No.: 3:17-CR-00397 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Jeffrey J. Helmick |
| v. | ) | |
| | ) | |
| Charles Barbarotta, *pro se*, | ) | **Government's Response in Opposition to** |
| | ) | **Motion for Compassionate Release** |
| Defendant. | ) | |

On September 30, 2022, Defendant Charles Barbarotta filed a *pro se* motion to modify

his sentence, citing 18 U.S.C. § 3582(c)(1)(A)(i). (R. 36: § 3582 Mot., PageID 247-288). He

also filed a motion requesting *in forma pauperis* status, and for appointment of counsel. (R. 37:

Mot. to Appoint Counsel, PageID 290-92). The government now responds in opposition.

**Statement of the Case**

In March 2017, the government informed Barbarotta via target letter that he was being

investigated for "employing or using minors to engage in sexually explicit conduct for the

purpose of producing any visual depiction of such conduct and/or sex trafficking of minors

facilitated through fraud in violation of Title 18, United Sates Code, Section 2251 and/or Section

1591." At Barbarotta's request, a federal magistrate judge appointed an attorney to represent

him. The government and appointed counsel attempted to negotiate a resolution of the looming

charges. According to the government, it proposed that Barbarotta plead guilty to two counts of

sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), each of which carried a ten-

year mandatory minimum sentence.[1] In exchange, the government promised that it would not

---

[1] Barbarotta claimed that the government's offer was for him to serve only ten years' imprisonment.

pursue any additional charges against Barbarotta.

The parties' negotiations proved futile, with appointed counsel reporting in August 2017 that Barbarotta had rejected the government's plea offer. Consequently, in October 2017, a federal grand jury indicted Barbarotta on two counts of sexual exploitation of a minor by means of production of sexually explicit visual depictions, in violation of 18 U.S.C. § 2251(a); two counts of sex trafficking of a minor, in violation of 18 U.S.C. § 1591; and one count of wire fraud, in violation of 18 U.S.C. § 1343. (R. 2: Indictment, PageID 2-5). In July 2018, Barbarotta pleaded guilty, pursuant to a written plea agreement, to the two § 1591 trafficking charges in exchange for the government dismissing the other three counts on which he had been indicted. The parties agreed that 240 months' imprisonment—ten years less than the low end of Barbarotta's advisory 360-months-to-life guideline range—was an appropriate sentence. Barbarotta also explicitly waived his right to directly appeal or collaterally attack his convictions and sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. The District Court accepted Barbarotta's guilty plea and on November 20, 2018, imposed the agreed-upon 240-month sentence, to be followed by twenty-five years of supervised release. (R. 18: Judgment, PageID 120-18). Barbarotta did not file a direct appeal.

In November 2019, Barbarotta filed a 28 U.S.C. § 2255 motion in which he claimed that trial counsel had rendered ineffective assistance by: (1) failing to conduct any meaningful investigation; (2) failing to review discovery materials with him; and (3) advising him to reject the government's earlier plea offer in order "to 'play hardball' with the Government and 'call their bluff.'" (R. 20: § 2255 Mot., PageID 133-52). The Court rejected Barbarotta's claims on the merits, and denied the § 2255 motion on March 8, 2021. (R. 26: Mem. Op. and Order, PageID 197-202). The Court declined to issue a Certificate of Appealability. (R. 30: Order of May 17, 2021, PageID 229-30).

The Sixth Circuit also denied a Certificate of Appealability. It found that reasonable jurists could not debate the District Court's resolution of Barbarotta's ineffective-assistance claims. *Barbarotta v. United States*, No. 21-3448 (6th Cir. November 17, 2021).

In 2020 and 2022, Barbarotta filed motions for discovery and production of documents (R. 24), a request for a subpoena for the original search warrant (R. 32), and also for reconsideration of the denial of his subpoena request. (R. 34). Each were denied. (R. 26, R. 30, R. 35).

On September 30, 2022, Barbarotta filed the instant *pro se* motion to modify his sentence, citing extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i). (R. 36: § 3582 Mot., PageID 247-288). He also moved for *in forma pauperis* status, and for appointment of counsel. (R. 37: Mot. to Appoint Counsel, PageID 290-92).

## Argument

A district court generally lacks authority to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), provides a limited exception to that general rule of finality in federal sentencing. Subsection 3582(c)(1)(A)(i) of that statute authorizes a district court to reduce a defendant's previously imposed term of imprisonment if the court determines that: (1) the defendant has fully exhausted all administrative rights unless 30 days have passed from the date of his initial request for release, (2) extraordinary and compelling reasons warrant such a reduction, and (3) the factors in 18 U.S.C. § 3553(a) weigh in favor of such relief. 18 U.S.C. § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2) adds another requirement: that the defendant not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

If a district court determines that each of these requirements are met, it "'may reduce the

term of imprisonment,' but need not do so." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir.

Jan. 6, 2021).  Conversely, if the defendant fails to satisfy any one of these criteria, the court may

not grant compassionate release.  "Of course, in granting a compassionate-release motion,

district courts must address all three steps." *Id.* at 519 (citing *United States v. Ruffin*, 978 F.3d

1000, 1004-05 (6th Cir. 2020)); *see also, generally*, *United States v. Rodd*, 966 F.3d 740, 744-45

(8th Cir. 2020).  Further, "district courts may deny compassionate-release motions when any of

the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."

*Elias*, 984 F.3d at 519 (citing *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020), and

*Ruffin*, 978 F.3d at 1006).  As the movant, the defendant bears the burden of proving that

"extraordinary and compelling reasons" exist to justify release under the statute.  *See United*

*States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

     **1.  Exhaustion Requirement.**

     Prisoners may request a sentence reduction only after they have "fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion [on their

behalf]" or after "the lapse of 30 days from the receipt of such a request by the warden of [their

facilities]," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).  This exhaustion requirement is

mandatory in the Sixth Circuit.  *See United States v. Alam*, 2020 WL 2845694, at *1 (6th Cir.

2020).   Barbarotta submitted Exhibit J, showing that his request for compassionate release was

denied by the warden on July 1, 2022.  (R. 36-10: Ex. J: Admin. Remedies:  PageID 288).

Accordingly, 30 days have passed, and he has properly exhausted his administrative request with

the BOP.

     **2.  There are No Extraordinary and Compelling Reasons**.

     Barbarotta cites the following reasons why extraordinary and compelling circumstances

exist.  First, the mother of his two children has been on the run for months to avoid an arrest

warrant. The children are in the care of their maternal grandparents, and both daughter and son each suffer from different mental health issues. Their maternal grandfather's health is declining. Barbarotta feels that if he were there, he could provide much needed assistance. (R. 36: § 3582 Mot., PageID 250).

Second, Barbarotta's own mother is elderly and in declining physical and mental health. She lives alone and has difficulty taking care of herself, and forgets to take her medications which keeps her mentally stable. Barbarotta asserts that having her son available would likely add several quality years to her life. (*Id*.).

Third, he compares his twenty-year sentence unfavorably with a news article where a federal defendant in St. Louis, Missouri who was convicted of prostituting a seventh grade girl was sentenced to ten-and-a-half years. That defendant had additional state charges pending of sex trafficking and statutory rape in the St. Louis County Circuit Court for the same conduct, for which he had not yet been sentenced. (R. 36-6: Ex. F: Newspaper Article, PageID 270).

Finally, Barbarotta offers a "totality of circumstances" argument, once again related to the validity of the search warrant. He says it is "not Petitioner's intent to litigate this issue here" in the present motion, but it may be "valuable information" because he is currently putting together a challenge to expose allegedly unlawful behavior by federal agents and prosecutors that will "ultimately exonerate him, expunge his conviction, and result in his immediate release from prison." (R. 36: § 3582 Mot., PageID 250-51).

In the context of compassionate release, the U.S. Sentencing Commission's commentary explains that a family circumstance that may justify a reduction of a defendant's prison term if either: "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G.

§ 1B1.13 app. note 1(C).

In this case, Barbarotta states that he took full custody of his children from their mother in 2011.  (R. 36-2: Ex. A: Letter, PageID 257).  According to the presentence report, the defendant reported their maternal grandmother eventually gained full custody of the children in 2013.  (R. 15: Sealed PSR, PageID 89).  His children are currently being raised by their maternal grandmother and grandfather.  (*Id*.).  Barbarotta writes that the grandfather's health has taken a turn for the worse, and he needs help with his daily activities from his wife.  Therefore, the grandmother's time is spread between caring for her husband, the grandchildren, and working a full-time job.  (*Id*.).

Barbarotta has not met the criteria for compassionate release based on family circumstances because he has not cited the death or incapacitation of the minor children's caregiver, nor has he provided documentation that he is the only available caregiver for the children.  *United State v. Lemon*, No. 4:16-cr-0239, 2021 WL 1060142, at *2 (N.D. Ohio Mar. 18, 2021).  First, even if their grandfather is now unable to care for the children, Barbarotta has not shown that their maternal grandmother is incapacitated.  The grandmother has been caring for his children over the past nine years.  Consequently, the defendant is not the only available caregiver.  For example, in *United States v. Vela-Salinas*, 3:11-CR-00083-19, 2022 WL 391490, at *5 (M.D. Tenn. Feb. 8, 2022), the court wrote that even if the defendant had shown that her parents were incapacitated, the defendant had not met her burden to show that she was the only available caregiver for her daughter.

Similarly, in *United States v. Gibson*, 11-20551, 2021 WL 2549682, at *4 (E.D. Mich. June 22, 2021), the evidence presented by Defendant himself refuted his contention that he was the only available caregiver for his son.  Gibson alleged no death or incapacitation of a caregiver, and while he asserted that he was the sole available caregiver, he also stated in the same brief

that his wife Crystal Gibson was already caring for the couple's children while maintaining a full-time job at Fiat-Chrysler.  *Id.*  Here, Barbarotta has not alleged that either maternal grandparent has died, and even if the grandfather has become incapacitated, the grandmother has not.

Thus, district courts continue to "routinely den[y] motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child." *Id.*, quoting *United States v. Cole*, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021) (Goldsmith, J.).

Barbarotta's desire to care for his children (though commendable) is not an extraordinary and compelling reason meriting his early release, although one might question the appropriateness of a caregiver who sexually trafficked two minors, who was previously convicted of unlawful sexual conduct with two other minors in 2007, who is a twice convicted registered sex offender being given custody of minors, and who was found to be a repeat and dangerous sex offender under U.S.S.G. § 4B1.5.  (R. 15: PSR, PageID 84, 87).  While unfortunate, "the care of minor children is a problem faced by many convicted defendants." *United States v. Kibby*, No. 2:19-cr-179, 2021 WL 2009568, at *3 (S.D. Ohio May 20, 2021). The existence of such a problem, without more, is an ordinary, not extraordinary, circumstance. *United States v. Johnson*, 3:16-CR-00242, 2022 WL 482539, at *5 (M.D. Tenn. Feb. 15, 2022) (citing *Kibby*, 2021 WL 2009568 at *3).  Here, Barbarotta has not demonstrated that there are no alternative family members who could serve as caregivers to his children.

Finally, the district court in *Vela-Salinas*, expressed the following concern in a footnote:

> Though not insensitive to the needs of family members (typically
> minors or persons with disabilities) who would benefit from an
> inmate's caregiving, the undersigned has serious concerns about

granting compassionate release to inmates based on the inmate's asserted need to be a caregiver for a minor family member, for two reasons. First, it creates a risk that cumulatively, persons without minor dependents will on average serve longer sentences than persons with minor dependents; in the undersigned's view, this raises the unwelcome specter that the former category is effectively discriminated against on the basis of familial status. Second, there is a sense in which it would be perverse for persons with minor dependents to receive on average shorter sentences than those without minor dependents, given that persons with minor dependents are, if anything, more culpable than those without minor dependents inasmuch as they (and not those without minor dependents) seriously shirked duties owed to vulnerable family members reliant on them, by committing crimes that subjected them to incarceration.

*Vela-Salinas*, 3:11-CR-00083-19, 2022 WL 391490, at *4, n.7 (M.D. Tenn. Feb. 8, 2022).

Based on the foregoing, this Court should deny Barbarotta's claim that his family circumstances constitute an extraordinary and compelling reason to justify compassionate release.

Next, he states that his own mother is 71 years old, in bad health, and really has no one to help her. Barbarotta says that she is very frail woman, and that before he was incarcerated, he used to be the only person who made sure she had the essential things she needed. He would like to be there for her during what he believes are her last remaining years, and would hate to see her pass away alone and miserable because he is incarcerated and they cannot see each other. He adds that he would love to show his family the better man he has become, and make them proud of him. But he is afraid that if he must complete his entire sentence, he would not have the chance to show his mother the man he is today. (R. 36-2: Ex. A: Letter, PageID 256).

Wanting to make one's parents proud is a natural human instinct. However, neither it nor the care of an elderly parent are one of the criteria for granting compassionate release. The U.S. Sentencing Commission's commentary explains that a family circumstance that may justify a reduction of a defendant's prison term is *either* the death or incapacitation of the caregiver of the

8

defendant's minor children, *or* the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. § 1B1.13 app. note 1(C). Under this policy statement, "[c]are of parents is not a qualifying basis for early release." *See, e.g., United States v. Henry*, No. 13-91, 2020 U.S. Dist. LEXIS 119111, 2020 WL 3791849, at \*4 (E.D.N.Y. July 6, 2020); *see also United States v. Goldberg*, No. 12-180, 2020 U.S. Dist. LEXIS 63885, 2020 WL 1853298, at \*4 (D.D.C. Apr. 13, 2020) ("[T]he family circumstances that would amount to an extraordinary and compelling reason are strictly circumscribed" and "do not encompass providing care to elderly parents"). "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, No. 14-40, 2019 U.S. Dist. LEXIS 118304, 2019 WL 3162305, at \*2 (S.D. Ohio July 16, 2019); *see also United States v. Gaskin*, No. 15-352, 2020 U.S. Dist. LEXIS 231838, 2020 WL 7263185, at \*4 (E.D. Pa. Dec. 9, 2020) ("[T]he desire to care for elderly parents" or grandparents does not "qualify as extraordinary").

Accordingly, Barbarotta's desire to take care of his mother and make her proud does not qualify as a compelling and extraordinary reason for compassionate release. It does not fall within the Sentencing Guideline categories of either minor children or incapacitated spouse with no other available caretaker. For these reasons, Barbarotta's claims of family circumstances do not rise to the level of extraordinary and compelling reasons to grant compassionate release. This claim should be denied, and on that basis alone, the instant motion fails.

### 3. The 18 U.S.C. § 3553(a) Factors Do Not Support a Reduction in Sentence.

After considering whether "extraordinary and compelling reasons" warrant a reduction in sentence, the Court may further consider whether the 18 U.S.C. § 3553(a) sentencing factors support a reduction. However, if *either* of these two factors is lacking (extraordinary and compelling reasons, or § 3553(a) factors), the motion must fail. *United States v. Elias*, 984 F.3d

516, 519 (6th Cir. 2021); *see also United States v. Justice*, 21-5841, 2022 WL 672277, at *2 (6th Cir. Feb. 28, 2022) (conclusion that there were no COVID-19 extraordinary and compelling reasons for compassionate release obviates the need to address the district court's application of the § 3553(a) factors).

The government submits that no extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A)(i), and therefore the Court need not consider the 18 U.S.C. § 3553(a) sentencing factors. Nevertheless, the government will discuss why the § 3553(a) factors do not support a reduction in Barbarotta's sentence.

As noted in the PSR, the minimum term of imprisonment for Counts 3-4, sex trafficking of a minor by fraud, was 10 years and the maximum term was life, per count. 18 U.S.C. § 1591 and 18 U.S.C. § 1591(b)(2). The Sentencing Guidelines, based upon a total offense level of 39 and a criminal history category of V, was a range of 360 months to life. Barbarotta committed the instant offense while still under probation from a prior conviction. (R. 15: PSR, PageID 86).

In Barbarotta's case, there was a binding Rule 11(c)(1)(C) plea agreement. If the Court adopted the terms of the plea agreement, the defendant would be sentenced to a specific sentence of 240 months. It did accept, and imposed a below-Guideline sentence of 240 months imprisonment, followed by 25 years of supervised release. (R. 18: Judgment, PageID 121-22). This Court considered such § 3553(a) sentencing factors as the nature and circumstances of the offense, the defendant's history and characteristics, the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct. The Court also balanced other factors as the need to protect the public from further crimes by the defendant, and to provide him with other correctional treatment. (R. 19: Sealed Statement of Reasons, PageID N/A). Another factor is to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(6).

Among his several prior convictions were two counts of unlawful sexual conduct with two minors in 2007. As a result, Barbarotta was ordered to register as a sex offender. (R. 15: PSR, PageID 84). The PSR determined, "The defendant is *a repeat and dangerous sex offender against minors*; therefore, the criminal history category shall be the greatest of the criminal history category determined under Chapter Four, Part B, or criminal history category V, which in this case is V. USSG §4B1.5." (*Id*., PageID 87) (emphasis added).

Barbarotta complains that his sentence is inordinately high, in comparison to a news article where a federal defendant in St. Louis, Missouri was sentenced to ten and a half years. (R. 36-6: Ex. F: Newspaper Article, PageID 270). This disparate sentencing claim does not withstand scrutiny. According to the article, the St. Louis defendant was found guilty of one count of coercion or enticement of a minor. Barbarotta pled guilty to two counts of sex trafficking, by fraud, involving *two* minors, in which he lured them under false pretenses and with false offers of payment, to engage in vaginal, anal, and sadistic/masochistic sex acts ("golden showers" where he urinated on them, and bondage), for which, in exchange for a 240-month sentence, the government dismissed two counts of sexual exploitation of the two minors for engaging in sex acts for the purpose of producing sexually explicit depictions of those minors, which would have carried a mandatory minimum sentence of 15 years in prison. (R. 17: Plea Agreement, PageID 111-12). In other words, the types of charges, the number of counts, and the number of victims were different in each of those cases. Furthermore, there is no information about the St. Louis defendant's total offense level or his criminal history category; whereas Barbarotta admitted that he had done this same thing to minors on five or six other occasions, he was a registered sex offender for 2007 convictions for unlawful sexual conduct of two minors, he was found to be a repeat and dangerous sex offender with a resulting criminal history category V, and his guideline range was a staggering 360 to life. (R. 15: PSR, PageID

78, 87, 91). While Barbarotta also notes the egregious conduct described in the article about the St. Louis case, there was no evidence that the sexual activity was recorded in that case. In contrast, Barbarotta filmed his sex acts with the minors, thus creating child pornography. (*Id.*, PageID 78).[2]

Based on the above, the claim of disparate sentences must fail because the crimes are different, the number of victims are different, the harm is different, and there is no basis upon which to compare the defendants' prior criminal history, offense level, or guideline range. Moreover, Barbarotta explicitly agreed to his 240-month sentence in his binding plea agreement. For these reasons, this Court should deny his disparate sentencing claim, and find that the § 3553(a) factors continue to support its original sentence. Barbarotta has not demonstrated that reconsideration of the § 3553(a) sentencing factors support the granting of compassionate release or a reduction in sentence.

### 4. Danger to the Safety of Any Person or to the Community.

Sentencing Guideline § 1B1.13 further specifies that a reduction in sentence is only appropriate if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Barbarotta did not address this third factor in his Motion.

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022). Because the inmate bears the burden to establish that compassionate release is warranted, the district court is

---

[2] While he denied distributing it and claimed to have wiped the device clean, he also claimed to have sold the device to an unknown Mexican female in Fremont, Ohio. *Id.* Whether true or not, the device he used was never recovered, thereby preventing agents from determining definitively whether he distributed the child pornography. If he had, those visual depictions would exist online *ad infinitum*.

not required to investigate possible avenues for relief or to develop the record in support of a motion. *United States v. Avalos Banderas*, 39 F.4th 1059 (8th Cir. 2022) (internal citation omitted). *See also United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020) (The defendant has the burden to show that he is entitled to a sentence reduction). Here, Barbarotta has failed altogether to demonstrate that he would *not* be a danger to the community if granted compassionate release. To the contrary, his criminal history spans 20 years, it dates back to the age of 13, and it includes convictions for committing hands-on sexual conduct of minors in 2006, ten years before the offenses in this case, as well as multiple probation and post-release control violations that prove Barbarotta's inability to comply with court orders and recidivism, which even registration as a sex offender failed to deter. (R: 15, PSR, PageID 83-84). In addition, he admitted in 2016 that he had used this same fraudulent scheme "to fool" other teen minors on five to six other occasions. (R: 15, PSR, PageID 78). In other words, Barbarotta has been sexually exploiting minors for *ten years*, unabated and undeterred. Barbarotta agreed to and was given a 20-year prison term in this case, for which he has barely served a fraction. Given his 20-year criminal history, continued sexual exploitation of minors, and repeated recidivism, releasing this defendant or reducing his sentence would only put the community, and its youth, at risk.

Because Barbarotta has failed to satisfy any one of the three criteria under § 3582(c)(1)(A), the court may not grant compassionate release. *Elias*, 984 F.3d at 519.

### 5. Defendant's Motion for Appointment of Counsel.

Last, Barbarotta seeks appointment of counsel and *in forma pauperis* status. (R. 37: Mot. to Appoint Counsel, PageID 290-92). This Court made no mention of appointing counsel when it ordered the government to respond by November 10, 2022. Presumably, the government was to discuss the merits of the *pro se* motion, as it was filed.

The Sixth Amendment secures the right of a criminal defendant who faces incarceration

to be represented by counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). However, the constitutional right to assistance of counsel does not extend to motions for post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052 (6th Cir. Dec. 30, 2016) ("[T]here is no right to counsel in a post-conviction action."). The decision of whether to appoint counsel for the purpose of seeking compassionate release is a decision within the sound discretion of the Court. *See United States v. Stephens*, 2020 WL 3250226 at *2 (E.D. Mich. June 16, 2020). "In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court." *United States v. Woods*, No. 2:03-CR-069, 2020 WL 5805324, at *3 (E.D. Tenn. Sept. 28, 2020) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). *See also United States v. Inman*, 583 F. Supp. 3d 1117, 1119, 2022 WL 304660 (M.D. Tenn. 2022).

In Barbarotta's case, the issues are not legally or factually complex, and he has been able to present his compassionate release claims in his instant *pro se* motion. Therefore, the Court is within its discretion to decline appointment of counsel in this post-conviction compassionate release motion.

### Conclusion

For all the foregoing reasons, the Court should deny compassionate release and/or a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and deny the request for appointment of counsel.

Respectfully submitted,

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By:     /s/ *Tracey Ballard Tangeman*
        Tracey Ballard Tangeman (OH: 0069495)
        Assistant United States Attorney
        Four Seagate, Suite 308
        Toledo, OH 43604
        (419) 241-0719
        (419) 259-6360 (facsimile)
        Tracey.Tangeman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Court's CM/ECF System

this 3rd day of November, 2022, which provides notice to all parties. In addition, a hard copy

was served by U.S. Mail on or about the date of filing to:

Charles Thomas Barbarotta
Reg. No. 65173-060
U.S.P. Marion
P.O. Box 1000
Marion, IL  62959
      *pro se* Defendant

/s/ *Tracey Ballard Tangeman*
Tracey Ballard Tangeman
Assistant United States Attorney