UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                                    Case No. 3:17-cr-397

          Plaintiff,

    v.                                                                                          ORDER

Charles T. Barbarotta,

          Defendant.

       Defendant Charles T. Barbarotta, currently incarcerated at Federal Correctional Institution Ray Brook, in Ray Brook, New York, has filed several motions. First, he moves for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 36). He asserts there are "extraordinary and compelling reasons" to reduce his sentence, including: (1) the mother of his children is evading an arrest warrant, leaving the children in the care of her parents; (2) his children are dealing with significant mental health issues; (3) his mother is in declining physical and mental health; (4) his sentence is "inappropriately high" when his conduct and sentence are compared to another defendant's conduct and sentence; and (5) the government conducted an illegal search in the course of prosecuting him and he intends to file a civil lawsuit which will "ultimately exonerate [him], expunge the instant conviction, and result in his immediate release from prison." (*Id.* at 4-5). He also seeks the appointment of counsel to assist him with his compassionate release motion, as well as permission to proceed *in forma pauperis*. (Doc. No. 37).

Barbarotta also filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), arguing that my denial of a certificate of appealability after denying his motion to vacate his sentence under 28 U.S.C. § 2255 was the product of mistake, inadvertence, or excusable neglect.  (Doc. No. 40).  According to Barbarotta, his constitutional right to counsel was violated by appointed counsel's allegedly-deficient representation prior to his indictment and I erred in ruling otherwise.

The government has opposed Barbarotta's motions.  (Doc. Nos. 38 and 41).

First, as the government notes, Barbarotta's desire to care for his children and his mother, while commendable and understandable, does not constitute an extraordinary and compelling reason to reduce his sentence.  Barbarotta claims his children's caregiver is incapacitated because his children are struggling with mental health and behavioral issues, and because their caregiver must divide her attention between the children and the caregiver's husband, who is ill.  (Doc. No. 39 at 3 (asserting caregiver's "ability to monitor and care for my children is reduced" by husband's illness)).

But "'incapacitation' means . . . the caregiver [is] incapable of caring for the child."  *United States v. Lemon*, No. 4:16-CR-0239, 2021 WL 1060142, at *2 (N.D. Ohio Mar. 18, 2021) (citations and subsequent history omitted).  Barbarotta's own statements demonstrate the children's caregiver is not incapacitated.  Moreover, he has not demonstrated he is the only other available caregiver for his children.  *See, e.g., United States v. Johnson*, No. 3:16-CR-00242, 2022 WL 482539, at *5 (M.D. Tenn. Feb. 15, 2022).

Further, "the existence of an elderly parent who might require care and assistance is not extraordinary and compelling," and Barbarotta also fails to show he is the only person who could care for his mother.  *United States v. Pulley*, No. 1:17-CR-20459-1, 2023 WL 372640, at *4 (E.D. Mich. Jan. 24, 2023).

2

Next, as the government also notes, motions seeking relief from judgment under Rule 60(b)(1) due to mistake, inadvertence, or excusable neglect must be made within one year of the entry of the challenged judgment. Fed. R. Civ. P. 60(c). I denied Barbarotta's motion for a certificate of appealability on May 17, 2021, and he did not file his Rule 60(b) motion under January 6, 2023. Therefore, I deny this motion as untimely.

Finally, I already have rejected Barbarotta's other arguments. (Doc. Nos. 26, 30, 33, and 35). The United States Court of Appeals for the Sixth Circuit has rejected them as well. (Doc. No. 31). "As Justice Harlan observed a half century ago, '[n]o one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved.'" *United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022) (quoting *Mackey v. United States*, 401 U.S. 667, 691 (1971) (Harlan, J., concurring)). Barbarotta is not entitled to the relief he seeks simply because he disagrees with my decisions.

For these reasons, I deny Barbarotta's motions. (Doc. Nos. 36, 37, and 40). Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge